844 F.2d 1268
 46 Ed. Law Rep. 533
 Barbara RAMSEY, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF WHITLEY COUNTY, KENTUCKY; and Ernie
Siler, in his Official Capacity as Superintendent
of Whitley County School System,
Defendants-Appellees.
 No. 87-5283.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 10, 1987.
Decided April 25, 1988.
 
 Arthur L. Brooks (argued), Brooks, Coffman and Fitzpatrick, Lexington, Ky., for plaintiff-appellant.
 Margaret A. Miller (argued), Wyatt, Tarrant & Combs, Lexington, Ky., William H. McCAnn, for defendants-appellees.
 Before NELSON and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 BOGGS, Circuit Judge.
 
 
 1
 Barbara Ramsey, a teacher in the Whitley County, Kentucky, school system sued the Whitley County School Board and the Superintendent of the Whitley County school system (collectively referred to as the Board) under 42 U.S.C. Sec. 1983, claiming she was deprived of property without due process of law when the Board reduced the number of her accumulated sick leave days from 142 to 29 and consequently reduced her compensation for sick leave days when she retired. The district court granted summary judgment in favor of the Board after concluding that Ramsey's claim did not involve a deprivation of property actionable under section 1983 but instead was merely a commonlaw claim for breach of her employment contract and, consequently, actionable under state and not federal law.
 
 
 2
 We agree with the district court's conclusion that a state breach of contract action exists to remedy any deprivation of property Ramsey may have suffered. Accordingly there are no genuine issues as to material facts that would support an action under 42 U.S.C. Sec. 1983. Thus, we affirm the decision granting summary judgment in favor of the defendants.I
 
 
 3
 Ramsey was eligible for retirement at the end of the 1985-86 school year after teaching in the Whitley County school system for thirty years. In 1981, the Kentucky Legislature authorized local school boards to compensate retiring teachers for their accumulated unused sick leave days if the Board desired. See Ky.Rev.Stat.Ann. Sec. 161.155(7) (Baldwin 1986).
 
 
 4
 Kentucky allows teachers ten days of compensated sick leave per year. Ky.Rev.Stat.Ann. Sec. 161.155(2) (Baldwin 1986). In 1956, when Ramsey began her employment with the school system, section 161.155 allowed a Kentucky teacher to carry forward only twenty days of unused sick leave unless the local school board authorized a greater number. In 1970, section 161.155 was amended, allowing sixty accumulated sick leave days, unless the local school board authorized a greater number. In 1974, section 161.155 was amended again, allowing a teacher to carry forward an unlimited number of sick leave days Ky.Rev.Stat.Ann. Sec. 161.155(3) (Baldwin 1986).
 
 
 5
 On April 11, 1985, the Board officially adopted the following policy and recorded it in its minutes:
 
 
 6
 The Board of Education of Whitley County has not formally adopted the policy permitting the accumulation of unused sick leave days for each certified employee in the system in excess of the accumulation permitted by statute of the Commonwealth and no action of the said Board is recorded in the minutes maintained by the Board which provides for any accumulation in addition to the statutory amount. Therefore, following the statutory limitations, the maximum accumulation for purposes of the payments to be made under KRS 161.155(5) and the policy adopted by this Whitley County Board of Education shall be as follows:
 
 
 7
 (a) Prior to June 18, 1970, any certified employee could have accumulated a maximum of twenty (20) days.
 
 
 8
 (b) Prior to June 21, 1974, any certified employee could have accumulated a maximum of sixty (60) days (including the twenty (20) that could have been accumulated prior to June 18, 1970).
 
 
 9
 (c) Accumulated unused sick leave days thereafter at the rate of not more than ten (10) per year for a maximum total of eleven years or one hundred ten (110) days makes the maximum available at the close of the 1984-85 school year to be a total of one hundred seventy (170) (including the sixty (60) that could have been accumulated prior to June 21, 1974).
 
 
 10
 (d) Unused sick leave days will continue to accumulate at the rate of ten (10) per year in accordance with the present statutes of the Commonwealth of Kentucky and subject to change in accordance with any statutory changes.
 
 
 11
 (e) The Whitley County Board of Education, acting by and through its appropriate employees, will verify the exact number of unused sick leave days available to each certified employee at the end of the 1984-85 school year in accordance with this policy and the Kentucky statute which it follows.
 
 
 12
 Each teacher will be notified of the exact number of such accumulated sick leave days as of the end of the current school year which shall be the basis for payment of any benefits under this policy for the current school year and thereafter.
 
 
 13
 Before adopting this policy in 1985, the Board had not officially authorized accumulation of any sick leave days beyond the minimum required by the statute. However, Whitley County school officials routinely recorded an employee's total number of unused sick leave days accumulated over the course of employment on the employee's sick leave cards. The cards were used by school officials to monitor the number of sick leave days acquired and used by each employee for every year of employment. The officials added the unused sick leave days at the end of each year onto the previous year's accumulation. The resulting numbers were often in excess of the statutory maximums applicable prior to 1974.[1]
 
 
 14
 In accordance with this procedure, school officials recorded the total number of Ramsey's accumulated sick leave days on her sick leave cards for the years she was employed in the school system. By the end of the 1983-84 school year, Ramsey's cards indicated that she had 142 unused sick leave days. On June 27, 1985, the Board notified Ramsey that the number of her accumulated days had been reduced to 29 as a result of the Board's adoption of its official sick leave policy on April 11, 1985.
 
 
 15
 Ramsey filed suit against the Board in federal court claiming that the Board's unilateral elimination of the 113 sick leave days she had accumulated over the course of her employment deprived her of property without due process of law. She also claimed the Board's action violated the Kentucky Constitution and was a breach of her employment contract. Ramsey sought a court order that the Board restore her 113 days and pay the costs and attorney fees she incurred as a result of her lawsuit.
 
 
 16
 After some discovery, both parties filed motions for summary judgment. The district court assumed Ramsey was correct in her contention that the Board implicitly had allowed her accumulated sick leave days to become part of her employment contract by recording total accumulated sick leave days in excess of the statutory maximums on her sick leave cards. Nonetheless, the court concluded that Ramsey's claim only amounted to a simple breach of contract action based on a term of her employment contract and therefore, was not a deprivation of property actionable under 42 U.S.C. Sec. 1983. Accordingly, the court granted the Board's motion for summary judgment and dismissed the case.
 
 II
 
 17
 Summary judgment is appropriate if, viewing the facts in the light most favorable to the party opposing the motion, there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law "because the nonmoving party has failed to make a sufficient showing on an essential element of her case...." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
 
 
 18
 One essential element of an action under section 1983 is the existence of a constitutionally protected liberty or property interest. 42 U.S.C. Sec. 1983 creates a federal cause of action for the deprivation of liberty and property interests protected by the United States Constitution or laws. See San Bernardino Physicians' Services Medical Group, Inc. v. County of San Bernardino, 825 F.2d 1404, 1407 (9th Cir.1987); accord Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Thus, Ramsey must show she had a property interest in her accumulated sick leave days before she can establish that she was deprived of her interest without due process of law.
 
 
 19
 As the Supreme Court has explained, property interests "are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Roth, 408 U.S. at 577, 92 S.Ct. at 2709.[2] In a companion case to Roth, Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), the Court supplemented this basic definition by acknowledging that constitutionally protected property interests can be created by either explicit or implied contractual terms stating, "[e]xplicit contractual provisions may be supplemented by other agreements implied from 'the promisor's words and conduct in light of the surrounding circumstances.' " Perry, 408 U.S. at 602, 92 S.Ct. at 2700 (quoting 3 A.Corbin on Contracts Sec. 562).[3]
 
 
 20
 Accordingly, the fact that Ramsey's claim to her accumulated sick leave days is not based on her written employment contract with the Board is not dispositive of the issue of whether she has a constitutionally protected property interest in those days. Construing the facts in the light most favorable to Ramsey, as we must do in this appeal of summary judgment against her, we hold that Ky.Rev.Stat.Ann. 161.155, as well as the recording of Ramsey's accumulated sick leave days on her sick leave cards by Whitley County school officials, could have created a legitimate claim of entitlement by Ramsey to her accumulated sick leave days. Consequently, Ramsey could have a constitutionally protected property interest in those days and cannot be deprived of such interest without being afforded due process of law.[4]
 
 III
 
 21
 Determining that Ramsey has a property interest in her accumulated sick leave days does not resolve the question of what process is due, and particularly, the question of whether a federal cause of action is the appropriate remedy for her deprivation. Not every deprivation of liberty or property requires a predeprivation hearing or a federal remedy. See, e.g., Hudson v. Palmer, 468 U.S. 517, 536-37, 104 S.Ct. 3194, 3205-06, 82 L.Ed.2d 393 (1984). Determining what process is due in a given case requires consideration of a number of factors: the nature of the property interest involved (particularly its importance to the individual possessing it); the risk of an erroneous deprivation caused by inadequate procedures designed to safeguard the interest; the value, if any, that additional procedures might provide; and the state's burden in having to provide additional procedures. Mathews v. Eldridge, 424 U.S. 319, 334-35, 96 S.Ct. 893, 902-03, 47 L.Ed.2d 18 (1976).
 
 
 22
 When making this determination, the most important consideration to bear in mind is that the fundamental requirement of the Due Process Clause "is the opportunity to be heard and it is an 'opportunity which must be granted at a meaningful time and in a meaningful manner.' " Parratt v. Taylor, 451 U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981) (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). As the Court's decisions in Parratt and Hudson exemplify, in some cases due process is satisfied by the opportunity for hearing in state court after a deprivation of property has occurred. Parratt, 451 U.S. at 543-44, 101 S.Ct. at 1916-17; Hudson, 468 U.S. at 536-37, 104 S.Ct. at 3205-06.
 
 
 23
 Thus, the Court has determined that a section 1983 action is not available when a state tort action provides an adequate remedy for a child spanked at school, Ingraham v. Wright, 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); and for individuals claiming a deprivation of property caused by a state actor's intentional conduct or negligence, see Hudson v. Palmer, 468 U.S. at 533, 104 S.Ct. at 3203; Parratt, 451 U.S. at 541-44, 101 S.Ct. at 1916-17; cf. Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-37, 102 S.Ct. 1148, 1157-58, 71 L.Ed.2d 265 (1981) (state tort action was an inadequate remedy for a victim of employment discrimination because a successful action would not allow for reinstatement or sufficiently vindicate the victim's right to be free from discriminatory treatment).
 
 
 24
 Supreme Court decisions that state law provides an adequate remedy for a liberty or property deprivation have, to date, all involved deprivations which could be remedied by a state tort action for damages. However, a state breach of contract action may also provide an adequate remedy for some deprivations of a contractually created property interest. Therefore, the reasoning of those cases should also bar a section 1983 action when the deprivation is a simple breach of contract and there is adequate state breach of contract action available as a remedy.
 
 
 25
 Other federal circuit courts considering this issue have noted that while some contractually created property interests are protected by a cause of action under section 1983, not every interference with a contractually created right does so, for "[i]t is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim." San Bernardino Physicians' Services Medical Group, Inc., 825 F.2d at 1408; accord Signet Construction Corp. v. Borg., 775 F.2d 486, 492 (2d Cir.1985); Sudeikis v. Chicago Transit Authority, 774 F.2d 766, 770 (7th Cir.1985); Brown v. Brienen, 722 F.2d 360, 364-65 (7th Cir.1983).
 
 
 26
 A state breach of contract action is most clearly an adequate remedy for a property deprivation when the only basis for federal jurisdiction is that a state actor is one of the contracting parties. Accordingly, a claimed failure to pay for services provided by a construction contractor against a local school board, as in Signet, or a claimed breach of contract due to a unilateral termination of a four-year contract to provide health services to a county medical center, as in San Bernardino Physicians' Services, is not only adequately remedied by a state breach of contract action, but far more appropriately remedied by such an action. This is because the state common law of contracts creates the property interest at stake and that same law determines what remedy lies for the deprivation caused by the breach of the contract.
 
 
 27
 It may be more difficult to determine that a state breach of contract action provides an adequate remedy for a deprivation of some kinds of property created by a public employment contract. The Supreme Court has held repeatedly that the property interest in a person's means of livelihood is one of the most significant that an individual can possess. See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 543, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (collecting cases). Accordingly, because public employment contracts may involve a person's livelihood, due process usually requires that a public employee be provided with some kind of a predeprivation procedure before that employee may be fired. See Loudermill, 470 U.S. at 542, 545-56, 105 S.Ct. at 1493, 1495-1501; accord Davis v. Scherer, 468 U.S. 183, 192 n. 10, 104 S.Ct. 3012, 3018 n. 10, 82 L.Ed.2d 139 (1984). Moreover, an action under section 1983 clearly lies if that predeprivation procedure is not provided. See, e.g., Findeisen v. North East Independent School District, 749 F.2d 234, 238-40 (5th Cir.1984), cert. denied, 471 U.S. 1125, 105 S.Ct. 2657, 86 L.Ed.2d 274 (1985).
 
 
 28
 However, even when a person's means of livelihood is connected to the deprivation claim, due process does not always require a predeprivation hearing or support a section 1983 action when any interest in employment is affected. When a person is hired for a fixed period of time or pursuant to a contract providing for employment "at will" or impliedly subject to removal upon the bona fide elimination of the position, and that person is dismissed prematurely, no federal cause of action lies under section 1983 to redress what is best characterized as an ordinary breach of contract. See Loehr v. Ventura County Community College District, 743 F.2d 1310, 1320 (9th Cir.1984) (community college superintendent hired for four-year contract); Bleeker v. Dukakis, 665 F.2d 401, 403 (1st Cir.1981) (nursing home administrator employed "at will"); accord Jimenez v. Almodovar, 650 F.2d 363, 370 (1st Cir.1981) (university professors discharged upon the elimination of their positions as a result of a change in the academic program). This is due to the fact that a nontenured employee's property interest in continued employment is created and defined by the employee's contract. The employee has a property interest in employment for the duration of the employment contract, but the deprivation of that finite interest can be compensated adequately by an ordinary breach of contract action. Conversely, the tenured employee who loses his or her position by a premature breach of contract has suffered the loss of a property interest that, because of its special nature, is neither easily defined nor easily compensated by a typical breach of contract action.
 
 
 29
 Like an employee hired for a determinate period of time, an employee deprived of a property interest in a specific benefit, term, or condition of employment, suffers a loss which is defined easily (here, Ramsey has lost 113 (her eliminated days) times the amount of compensation per day the Board will give her when she retires) and therefore, any interference with that interest is redressed adequately in a state breach of contract action. See Costello v. Town of Fairfield, 811 F.2d 782, 784 (2nd Cir.1987) (alleged deprivation of a pension benefit increase did not "give rise to a cause of action under section 1983"); Brown v. Brienen, 722 F.2d at 366 (alleged deprivation of accrued time off brought under section 1983 was "readily compensable in monetary terms, [and] it may even be doubted whether any deprivation in the constitutional sense has yet occurred, or will occur unless and until the state courts turn down a meritorious contract claim"); accord Boston Environmental Sanitation Inspectors Association v. Boston, 794 F.2d 12, 13 (1st Cir.1986) (alleged deprivation of seniority and promotion rights contained in a collective bargaining agreement did not "amount to a deprivation of property without due process actionable under section 1983"); Taliaferro v. Willett, 588 F.2d 428, 429 (4th Cir.1978) (alleged deprivation of tenured college professor's right to teach until age seventy amounted to a mere breach of contract claim presenting "no substantial federal question" under section 1983).
 
 
 30
 Although Ramsey has been deprived of her accumulated sick leave days, her interest in the money she would receive for those days upon her retirement, while important to her, is not as important as her right to her employment of which she has not been deprived. The risk that the deprivation of her sick leave days was erroneous would not be eliminated even if a predeprivation hearing were required. The Board still would have eliminated her accumulated sick leave days, as it evidently had concluded that Ramsey had no right to those days in the absence of an official policy authorizing her accumulation. In addition, requiring the state to provide a hearing anytime it believed an adjustment in an employee's wages or employment benefits was necessary would constitute a great burden to the state and yield little more benefit to the employee than a suit for damages under state law would provide. Accordingly, the district court was correct in its ultimate conclusion that a section 1983 action is an inappropriate vehicle to redress what is merely a breach of contract claim by Ramsey against the Board.[5]
 
 IV
 
 31
 We emphasize that we do not hold that interferences with employment benefits cannot involve deprivations of property. We do hold, however, that an interference with a property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983.
 
 
 32
 Accordingly, the decision of the district court granting summary judgment in favor of the defendants is AFFIRMED.
 
 
 33
 EDWARDS, Senior Circuit Judge, dissenting.
 
 
 34
 The majority opinion recognizes "the Supreme Court has held repeatedly that the property interest in a person's means of livelihood is one of the most significant that an individual can possess." See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 543, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). Giving full value to this holding, I believe that the majority opinion is in error in remanding this case to state court when in fact it states a cause of action based upon discriminatory conduct in relation to the employer Board of Education.
 
 
 35
 Ramsey was a school teacher in Whitley County, Kentucky who at the end of 30 years of service was entitled to retire. As of that period (the end of 1986), she had accumulated 142 days of sick leave on the records as kept by the Board of Education. There is no dispute but that in 1981 the state had acted to give local school boards the authority for compensating teachers for their accumulated sick leave. In 1985, however, the school board decided to limit the number of days of sick leave a teacher could accumulate. The Board then reviewed appellant's record and she was notified that it had been "corrected" from 142 days to 29 days by the elimination of the days of sick leave which had been credited to her in excess of the statutory maximum. Four school board teachers had, however, been granted pay for sick leave in excess of the statutory maximum upon which the school board now seeks to rely to bar plaintiff's claim. In turn, appellant claims discrimination under 42 U.S.C. Sec. 1983.
 
 
 36
 In my view, Barbara Ramsey, has stated a case of employment discrimination under 42 U.S.C. Sec. 1983 which should be heard by the District Court and decided on the facts which are developed rather than being determined by summary judgment. I would remand to the District Judge for that purpose.
 
 
 
 [1]
 An additional undisputed fact in the record is that, prior to 1970, the Board allowed at least four teachers compensation for accumulated sick leave days taken in excess of the then applicable statutory maximum of twenty days
 
 
 [2]
 In Roth the Court held that a state university assistant professor expressly hired for a one-year term could not establish that his employment contract created a property interest in his continued employment. Roth, 408 U.S. at 578, 92 S.Ct. at 2709
 
 
 [3]
 In Perry, the Court remanded the case to determine whether a state university professor's employment contract contained an implied right to tenure. Perry, 408 U.S. at 602-03, 92 S.Ct. at 2700
 
 
 [4]
 To the extent the district court implied that Ramsey did not have a property interest in her accumulated sick leave days, we hold that the court erred by doing so. However, because we agree with the district court's ultimate disposition of this case, our view with respect to this issue does not preclude us from affirming the entry of summary judgment in favor of the defendants. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985)
 
 
 [5]
 We note that Ramsey's claim for breach of contract is not barred by any applicable Kentucky statute of limitations. Ky.Rev.Stat.Ann. Sec. 413.090 (Baldwin 1987), provides fifteen years to bring an action upon a written contract and Ky.Rev.Stat.Ann. Sec. 413.120 (Baldwin 1987), provides five years to bring an action based on a contract not in writing or based on a taking of personal property. Moreover, Kentucky law also provides that a person has ninety days to commence an action if it was commenced in due time and good faith in federal court and it is later adjudged that the court does not have jurisdiction over the action. Ky.Rev.Stat.Ann. Sec. 413.270 (Baldwin 1987)