**Clara PACK, Plaintiff,**

v.

**Ralph O'QUINN, et al., Defendants.**

**Civ. A. No. 89–272.**

United States District Court,
E.D. Kentucky,
at Pikeville.

April 3, 1990.

---

Ned Pillersdorf, Pillersdorf & DeRossette, Prestonsburg, Ky., Phillip J. Shepherd (co-counsel), Shepherd & Childers, Frankfort, Ky., for plaintiff.

F.C. Bryan, Bryan, Fogle & Chenoweth, Mt. Sterling, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

FORESTER, District Judge.

This matter is before the Court on the motion of defendants to dismiss this action for failure to state a claim. The plaintiff has filed a response objecting to the motion. The motion concerns the availability of a state law remedy for breach of contract and its effect on the maintenance of this federal action for age discrimination.

## FACTUAL BACKGROUND

The plaintiff is a 75 year old woman who worked 37 years for the Floyd County Board of Education in the cafeteria at Garrett Elementary School. She has been the manager of the cafeteria for the past 21 years.

Around March 23, 1989, defendant Ralph O'Quinn, the principal of Garrett Elementary, informed plaintiff that as manager of the cafeteria she would be required to operate recently purchased computerized cash registers. The plaintiff informed O'Quinn that she would need training before operating the computerized cash registers. O'Quinn allegedly refused to agree to train the plaintiff because he felt she was too old to be trained.

As manager of the cafeteria, the plaintiff was a "classified employee." Thus, she was employed each year for a one year term according to a fiscal year beginning July 1st and ending at midnight the following June 30th. She was employed from July 1, 1988 to June 30, 1989 as cafeteria manager at Garrett Elementary.

Plaintiff alleges that on account of discrimination against her because of her age, the defendant O'Quinn proceeded to have her effectively demoted, since her employment contract for the fiscal year from July 1, 1989 through June 30, 1990 was as a cook. In being demoted from cafeteria manager to cook, the plaintiff was forced to take a pay reduction and required to wash dishes.

The plaintiff alleges that O'Quinn's actions were intended to discriminate against her due to her age and cause her to be constructively discharged due to the humiliation of being demoted to a cook/dishwasher. Plaintiff also alleges that the person hired to replace her as manager was about thirty years younger in age. She avers that the actions of the defendants amounted to a demotion and led to a constructive discharge of her employment. She claims willfulness on the part of the defendants and therefore requests liquidated damages pursuant to 29 U.S.C. § 626(b).

## DISCUSSION

### A. Standard for Motion to Dismiss

It is well-accepted that on a motion to dismiss "the allegations of the complaint are generally taken as true." *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980). The Sixth Circuit has emphasized that

[a] motion to dismiss based on either lack of subject matter jurisdiction or failure

to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. Similarly, the Court must accept as true all the well-pled allegations in the complaint under attack. *Great Lakes Steel, Div. of Nat'l Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir. 1983).

All factual ambiguities are resolved in favor of the plaintiff's complaint, *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983), and "extrinsic evidence cannot be considered in determining whether the complaint states a claim." *Id.* "Under Rule 12(b) when matters outside the pleadings are presented to the court, and not excluded, a motion to dismiss for failure to state a claim is treated as one for summary judgment." *Sequoyah v. Tenn. Valley Authority,* 620 F.2d 1159, 1161 (6th Cir.1980). *Accord* Fed.R. Civ.P. 12(c); *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972).

## B. Complaint States a Claim for Age Discrimination

■ The defendants argue in their motion to dismiss that plaintiff has an adequate state law remedy for breach of contract that should preclude this action. Plaintiff was employed under a contract with a public body and, as such, any rights and obligations created by existing law and applicable statutory provisions are incorporated in the employment contract by operation of law. As a "classified employee," the plaintiff could only be employed for terms of one year at a time. Thus, plaintiff's employment contract was for a fixed and determinate period of time.

Defendants contend Kentucky case and statutory law afford plaintiff adequate remedies for any breach of her employment contract with the Floyd County Board of Education. Thus, defendants advance the novel argument that a federal ˙cause of action under the Age Discrimination in Employment Act ["ADEA"], 29 U.S.C. §§ 621 *et seq.,* is an inappropriate vehicle to redress a mere breach of contract claim. They rely principally on *Ramsey v. Board of Education of Whitley County, Kentucky,* 844 F.2d 1268 (6th Cir.1988), for their argument.

In *Ramsey,* the board of education unilaterally reduced a teacher's accumulated sick leave days by 113, thereby reducing her compensation for sick leave days when she retired. She sued the board of education under 42 U.S.C. § 1983 claiming she was deprived of property without due process of law.

■ An essential element in a § 1983 action is the existence of a "constitutionally protected liberty or property interest." *Id.* at 1271. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law...." *Id.* Furthermore, constitutionally protected property interests can be created by explicit or implied contractual terms. *Id.* Thus, in § 1983 actions the concern is whether adequate procedures exist to safeguard the constitutional interests.

■ Not every deprivation of a constitutional interest requires a federal remedy where an adequate state law remedy exists. The *Ramsey* court cited certain Supreme Court decisions holding that a § 1983 action is inappropriate where a state tort action provides an adequate remedy for the wrong. The Sixth Circuit then likened adequate state tort remedies to state contract remedies:

> Supreme Court decisions that state law provides an adequate remedy for a liberty or property deprivation have, to date, all involved deprivations which could be remedied by a state tort action for damages. However, a state breach of contract action may also provide an adequate remedy for *some* deprivations of a contractually created property interest. Therefore, the reasoning of those cases should also bar a section 1983 action *when the deprivation is a simple breach of contract* and there is adequate state breach of contract action available as a remedy.

*Id.* at 1273 (emphasis added).

The court arrived at this conclusion by reasoning that actions for deprivation of

property interests created from contractual rights are no different than breach of contract actions:

A state breach of contract action is most clearly an adequate remedy for a property deprivation when the only basis for federal jurisdiction is that a state actor is one of the contracting parties.... [S]tate common law of contracts creates the property interest as stake and that same law determines what remedy lies for the deprivation caused by the breach of the contract.

*Id.* Thus, the *Ramsey* court held that, even though the plaintiff may have a constitutionally protected interest in her accumulated sick leave days which cannot be deprived without due process of law, a § 1983 action was "an inappropriate vehicle to redress what is merely a breach of contract claim by Ramsey against the Board." *Id.* at 1274 (footnote omitted).

However, the court noted that not all actions for deprivation of a constitutionally protected property interest are best addressed by a state breach of contract claim, especially where the property interest is created by a public employment contract. Public employment contracts may involve a person's means of livelihood, considered by the court to be a significant property interest to itself. *Id.* at 1273. The court drew a distinction between nontenured and tenured employees in assessing the quality of the property interest at stake:

When a person is hired for a fixed period of time or pursuant to a contract providing for employment "at will" or impliedly subject to removal upon the *bona fide* elimination of the position, and that person is dismissed prematurely, no federal cause of action lies under section 1983 to redress what is best characterized as an ordinary breach of contract.... This is due to the fact that a nontenured employee's property interest in continued employment is created and defined by the employee's contract. The employee has a property interest in employment for the duration of the employment contract, but the deprivation of that finite interest can be compensated adequately by an ordinary breach of contract action. Con-

versely, the tenured employee who loses his or her position by a premature breach of contract has suffered the loss of a property interest that, because of its special nature, is neither easily defined nor easily compensated by a typical breach of contract action.

*Id.* at 1273–74 (citations omitted).

■ The defendants in the instant case argue that the holding of *Ramsey*, which involves an action under § 1983 for deprivation of a property interest created by a state employment contract, should likewise apply to bar the plaintiff's action for age discrimination under the ADEA. They contend that plaintiff's gripe is principally concern over her discharge from employment which can be adequately addressed by a state breach of employment contract action. In arguing application of *Ramsey*, the defendants insist that "there is no difference in a 42 U.S.C. Section 1983 federal constitutional cause of action and a federal statutory claim for age discrimination under ADEA." This Court disagrees.

The *Ramsey* court noted that property interests are created and defined by state law, especially with state employment contracts. Furthermore, assertion of a deprivation of a property interest under § 1983 is no different than a breach of contract action since both rely on the same state law that created and defined the contractual rights. This holding does not apply where the property interest has some special quality distinguishing it, such as with tenured employment.

In the instant case the plaintiff has not asserted a cause of action under § 1983 for deprivation of a property interest in her employment. The plaintiff alleges instead a cause of action for age discrimination. *Ramsey* did not involve allegations of age discrimination. While a deprivation of a property interest can be likened to a breach of contract in some instances, the same cannot be said regarding an action for age discrimination and breach of an employment contract. Thus, *Ramsey* does not apply to the circumstances presented in this case.

There is a fundamental difference between causes of action under § 1983 and

the ADEA. Actions under § 1983 involve deprivations of constitutionally protected liberties and property interests, while actions under the ADEA concern an explicit statutory prohibition against discrimination in employment on account of age. The intent of Congress in enacting the ADEA reflects a specific concern for discrimination in the workplace due to the age of workers. *See* 29 U.S.C. § 621.

Furthermore, under the ADEA Congress specifically authorized parties to bring civil actions for damages and equitable relief where they have been discriminated against because of their age. *See* 29 U.S.C. § 626(c). Plus, the ADEA authorizes liquidated damages in the event of willful violations. *See* 29 U.S.C. § 626(b).

The concerns addressed by the ADEA are not necessarily similar to the concerns addressed by a typical breach of contract action under state law. The holding of *Ramsey* relies on the similarity of § 1983 actions for deprivation of a nontenured employment property interest with breach of contract actions, which similarity obviously does not exist with actions under the ADEA. The holding of *Ramsey* does not apply where plaintiff asserts violation of a federal statute prohibiting specific conduct such as age discrimination.

The ADEA, in serving important legislative goals, seeks "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). Thus, the statute itself explicitly recognizes a form of invidious discrimination that is outlawed. The differences between an ADEA action and a state breach of contract action are too significant to justify application of the reasoning in *Ramsey*.

Therefore, in accordance with the foregoing, it is hereby ORDERED that the defendants' motion to dismiss is DENIED.