Catherine M. **PRESLEY, Appellant,**

v.

**BOARD OF EDUCATION OF MARTIN COUNTY, Kentucky, a corporate entity; Orville Ray Blankenship, in his official capacity as Superintendent of the Martin County Schools; and Jack Cornett, Individually, Appellees.**

No. 92–CA–1137–S.

Court of Appeals of Kentucky.

Aug. 13, 1993.

Arthur L. Brooks, Ron L. Walker, Jr., Brooks & Fitzpatrick, Lexington, for appellant.

William H. Fogle, Bryan & Fogle, Mt. Sterling, for appellees.

Before LESTER, C.J., and JOHNSTONE and SCHRODER, JJ.

JOHNSTONE, Judge.

At issue in this appeal is the propriety of the trial judge's summary determination that because appellant's state law remedies are adequate to redress her grievance for a one-day suspension without pay, no cognizable claim under 42 U.S.C. § 1983 was presented. Because we are convinced that the rationale set out in *Ramsey v. Board of Education of Whitley County, Kentucky*, 844 F.2d 1268 (6th Cir.1988), is dispositive of the issue on appeal, we affirm the judgment of the Martin Circuit Court.

Appellant, a certified teacher at Warfield Middle School in Martin County, Kentucky, alleged that on August 27, 1990, she was sent home from school by the principal of the school, without pay for no legitimate reason. Although in the action below appellant asserted claims for violation of KRS 161.790, Section 2 of the Kentucky Constitution, and the federal civil rights statute, 42 U.S.C. § 1983, the only matter before this Court concerns the claim for federal due process infringement. The trial judge, in ruling on defendants' motion for summary judgment, accepted as true appel-

lant's version of the facts. Citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), he concluded in order to prevail on her claim under § 1983, appellant had the burden of proving the inadequacy of state law remedies. We are in complete agreement with the trial judge's assessment that under *Ramsey* criteria, appellant cannot successfully meet that burden.

The opinion in *Ramsey, supra,* in examining case law applicable to the adequacy of state remedies, recognizes that property interests created by public employment contracts and involving a person's livelihood require particularly close scrutiny. We are convinced that the following statements in *Ramsey* apply with equal force to the issue before us:

> However, even when a person's means of livelihood is connected to the deprivation claim, due process does not always require a predeprivation hearing or support a section 1983 action when any interest in employment is affected.
> . . . .
> Like an employee hired for a determinate period of time, an employee deprived of a property interest in a specific benefit, term, or condition of employment, suffers a loss which is defined easily (here, Ramsey has lost 113 [carried over sick days]) (her eliminated days, times the amount of compensation per day the Board will give her when she retires) and therefore, any interference with that interest is redressed adequately in a state breach of contract action.
> . . . .
> We emphasize that we do not hold that interferences with employment benefits cannot involve deprivations of property. We do hold, however, that an interference with a property interest in a pure benefit of employment, as opposed to an interest in the tenured nature of the employment itself, is an interest that can be and should be redressed by a state breach of contract action and not by a federal action under section 1983.

844 F.2d at 1273, 1274–75.

We cannot fathom any logically supportable distinction between Mrs. Ramsey's

loss of 113 accumulated sick days and appellant's loss of one day's pay due to the suspension. In our opinion, the trial judge properly applied the reasoning of *Ramsey* to the facts of this case and we find no basis for disturbing his decision.

The judgment of the Martin Circuit Court denying the application of 42 U.S.C. § 1983 is affirmed.

All concur.