**Oscar T. WARE, Jr., Plaintiff,**

v.

**Michael CURLEY, Captain at Saginaw Regional Prison (SRP); Fred Funston, Inspector at SRP; Edward Kuty, Deputy Warden at SRP, sued in their individual capacities, Defendants.**

Civil Action No. 95–40437.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 9, 1996.

Frank J. Monticello, Michigan Department of Attorney General, Tort Defense Division, Lancing, MI, for defendant.

Richard W. McHugh, UAW International Union, Legal Department, Detroit, MI, Daniel E. Manville, Ann Arbor, MI, for plaintiff Oscar T. Ware, Jr.

*ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION TO AMEND, AND DENYING DEFENDANTS' MOTION TO DISMISS*

GADOLA, District Judge.

Plaintiff brought this suit, alleging various civil rights violations against his supervisors at the Saginaw Regional Prison (hereinafter "SRP").[1] Defendants moved to dismiss the complaint and plaintiff moved to amend the complaint. On June 4, 1996, Magistrate Judge Scheer filed a recommendation that the defendants' motion be denied and that the plaintiff's motion be granted. For the following reasons, this court will adopt the magistrate judge's report and recommendation, deny the defendants' motion to dismiss, and grant the plaintiff's motion to amend.

## I. Factual Background

Plaintiff, who is black, works as a prison guard at SRP. He became a corrections officer on February 5, 1989 and was transferred to SRP on November 22, 1993. He was not initially assigned to the day shift. He alleges that he was entitled to a transfer to the day shift because of his seniority, but that his transfer was delayed by defendant Curley[2] because of plaintiff's race. Plaintiff was eventually transferred to the day shift on June 19, 1994.

In addition to the delay in his transfer, plaintiff alleges several incidents of racial harassment by defendant Curley. Plaintiff alleges that defendant Curley wrongly or discriminatorily disciplined him for taking long lunch breaks, miscounting prisoners, and not providing a medical excuse for missing one day of work. Also, plaintiff alleges that defendant Curley, on two separate occasions, made racially motivated and derogatory comments to plaintiff.[3] Plaintiff also alleges that he was improperly denied a transfer to the position of transportation officer. In response to many of these incidents, plaintiff filed grievances against defendant Curley, some of which were successful, resulting in the "counseling" of defendant Curley.

More seriously, plaintiff alleges that, because of his race and his grievances, defendants Curley, Kuty, and Funston conspired in a plot to falsely portray plaintiff as having violated drug laws. Defendants also allegedly conspired to place plaintiff in serious danger by requiring him to falsely accuse prisoners of misconduct, and then assigning him to work with those prisoners. As a result of these actions, plaintiff has taken stress leave.

---

1. Defendant Curley is a captain at SRP. Defendant Funston is an Inspector at SRP. Defendant Kuty is deputy warden at SRP.

2. Defendant Curley was plaintiff's supervisor during most of his employment at SRP.

3. These comments essentially referred to groups of black prisoners as being plaintiff's "brothers."

Plaintiff's initial complaint in this matter named the above defendants and the state of Michigan and contained five counts: (1) violation of 42 U.S.C. § 1981, (2) violation of the Due Process and Equal Protection Clauses of the Constitution, (3) violation of Title VII, (4) violation of the Elliott–Larsen Civil Rights Act, and (5) conspiracy to violate 42 U.S.C. § 1983. Defendant filed a motion to dismiss this complaint on the following grounds, (1) plaintiff may not bring suit directly under the Due Process and Equal Protection Clauses of the Constitution, (2) plaintiff's Title VII claim is procedurally barred, (3) the Eleventh Amendment bars claims against the State of Michigan, and (4) the allegations of a conspiracy are too vague and conclusory. Defendants' initial motion to dismiss did not move for dismissal on the basis that plaintiff had no Constitutionally protectable interest under the Due Process Clause. Further, defendants' motion to dismiss did not attack plaintiff's § 1981 claim.

In response to the motion to dismiss, plaintiff offered an amended complaint. This amended complaint alleged only three counts: (1) the § 1981 violation, (2) a § 1983 violation based on violation of the Due Process and Equal Protection Clauses, and (3) conspiracy to violate § 1983. Defendants opposed the amended complaint on the grounds stated in their first motion to dismiss and the ground that plaintiff had not alleged any constitutional deprivation. Again, defendants did not attack plaintiff's § 1981 claim. At oral argument on these motions, defendants argued almost exclusively that plaintiff had not asserted any constitutional deprivation because he could not point to a constitutionally protected interest.

On June 4, 1996, the magistrate issued a report and recommendation recommending that defendants' motion to dismiss be denied. The report and recommendation did not analyze whether plaintiff had pleaded facts suffi-cient to make out a violation of the Due Process or Equal Protection Clauses. The Report and Recommendation did analyze, and reject, the three grounds for dismissal asserted in defendants first motion to dismiss. Also on June 4, 1996, the magistrate entered an order granting the plaintiff's motion to amend his complaint.

Defendants have objected to the report and recommendation, arguing that (1) plaintiff has not alleged a constitutional violation under the Equal Protection or Due Process Clauses and (2) the conspiracy allegations in the complaint are too vague.

## II. Standard of Review

■ This court is required to make a *de novo* review of the magistrate's findings and conclusions. Fed.R.Civ.P. 72(b).

With regard to the standard of review under Fed.R.Civ.P. 12(b)(6), this court adopts and incorporates into this opinion section IIB of the magistrate's report and recommendation.

## III. Analysis

### A. Plaintiff's § 1981 Claim

Count One of plaintiff's amended complaint alleges violation of § 1981. Defendants' pleadings before the magistrate never attacked this count.[4] Further, defendants objections to the Report and Recommendation of the magistrate do not fault his refusal to dismiss that count. Accordingly, the magistrate was correct in not dismissing Count One of plaintiff's complaint.

### B. Plaintiff's § 1983 Claim

■ First, this court holds that the defendants have not waived their right to attack the plaintiff's complaint on the grounds that it does not allege a violation of either the Equal Protection or Due Process Clauses.[5] Because the defendants have raised the issue in their objection to the magistrate's report

---

**4.** At oral argument, defendants stated only the following with respect to the § 1981 claim:

And as to the 1981 claim, there's no allegation as to how the Plaintiff's right to contract or making enforced contracts was abridged, as articulated in the amended complaint.

Defendants cited no authority in support of this statement.

**5.** Defendants may fairly be criticized for not squarely presenting this argument in a written motion to dismiss to the magistrate, with accompanying brief of sufficient quality. Defendants did not provide in-depth analysis of this issue to the magistrate, either at oral argument or in its response to plaintiff's motion to amend his complaint.

and recommendation and because the report and recommendation does not address this issue, this court will undertake an analysis of plaintiff's constitutional claims.

Defendants essentially allege that plaintiff has failed to allege any constitutional deprivation, in that he has not specified the constitutionally protected interest of which he has been deprived. In response to plaintiff's assertion that he has a protectable property interest in his employment, defendants counter that plaintiff has failed to assert that his employment was terminated or somehow diminished in value. Both of these arguments by defendant are without merit.

### 1. § 1983 Generally

42 U.S.C. § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

 Section 1983 does not create any rights itself, but rather provides a remedy for the violation of rights created by the Constitution or statutes of the United States. *Day v. Wayne County Bd. of Auditors,* 749 F.2d 1199, 1204 (6th Cir.1984). The two requirements of a section 1983 action are: "There must be conduct by someone acting under color of state law and this conduct must deprive the plaintiff of rights secured by the Constitution or laws of the United States." *Id.* at 1202 (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981)).

### 2. Plaintiff's Equal Protection Claim [6]

 "In order to establish an equal protection violation against a public employer in a section 1983 action, a plaintiff must show that the employer made an adverse employment decision 'with a discriminatory intent and purpose.'" *Boger v. Wayne County,* 950 F.2d 316, 324–25 (6th Cir.1991) (quoting

*Charles v. Baesler,* 910 F.2d 1349, 1356–57 (6th Cir.1990)). The present complaint is replete with adverse employment decisions by the defendants. Plaintiff alleges that the defendants failed to transfer him, unduly disciplined him, and, through a scheme to falsely discredit him and place his life in danger, forced him to leave his employment and go on stress leave. It is unclear why defendants believe that plaintiff is no worse off as a result of defendants' actions, which eventually forced plaintiff to take stress leave. It is difficult to believe that an employee on stress leave has the same benefits of employment that an active employee does. For instance, it is obvious that an employee's opportunities for advancement and overtime are hindered by his being on extended stress leave. Further, plaintiff specifically alleges that he has lost wages by virtue of defendants actions.

In addition to alleging adverse employment decisions, plaintiff alleges that these decisions were made because plaintiff was black. Plaintiff properly alleges that "the adverse employment decision would not have been made 'but for'" his race. *Gutzwiller,* 860 F.2d at 1325. Accordingly, plaintiff has properly pleaded a claim for violation of the Equal Protection Clause, remediable under § 1983.

 Contrary to defendants' assertion, plaintiff's equal protection claim will stand, even if plaintiff has not been deprived of a 'property right' recognized under the Due Process Clause.

> Even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests ...

*Boger v. Wayne County,* 950 F.2d 316, 322 (6th Cir.1991) (quoting *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 72–74, 110 S.Ct. 2729, 2736, 111 L.Ed.2d 52 (1990)). One of these constitutionally protected inter-

---

**6.** The Equal Protection Clause provides: "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.Amend. XIV § 1.

ests includes the right to be free from discriminatory employment decisions. *See Gutzwiller v. Fenik,* 860 F.2d 1317, 1325, 1329 (6th Cir.1988).

*Boger* illustrates this point. In *Boger,* the plaintiff was complaining that she had been involuntarily transferred and passed over for promotion discriminatorily. It was undisputed that Boger's supervisors had complete discretion to transfer her to a position within the same class. Even though the *Boger* plaintiff had no entitlement to avoid transfer or to be promoted, the court held that the Equal Protection Clause would be violated if the decisions regarding the transfer and the promotion were made discriminatorily.[7] *Boger,* 950 F.2d at 325–26.

### 3. Plaintiff's Due Process Claim

Plaintiff's complaint merely alleges that the defendants' actions deprived him of due process of law in violation of the Fourteenth Amendment to the United States Constitution. The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law...." U.S. Const.Amend. XIV, § 1. This clause has a substantive and a procedural component. The Sixth Circuit recently described these two components:

A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from making a substantive choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. The goal is to minimize the risk of substantive error, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. The touchstone of procedural due process is the fundamental requirement

that an individual be given an opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.,* 721 F.2d 550, 563 (6th Cir.1983), *aff'd,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Many procedural due process claims are grounded on violation of state-created rights.... The rationale for granting procedural protection to an interest that does not rise to the level of a fundamental right lies at the very heart of our constitutional democracy: the prevention of arbitrary use of government power.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being 'used for purposes of oppression,'" regardless of the fairness of the procedures used. *See Daniels v. Williams,* 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) (citation omitted). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. For example, it can serve as a check on legislative enactments thought to infringe on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental right, is so literally "conscience shocking," hence oppressive, as to rise to the level of a substantive due process violation.

*Howard v. Grinage,* 82 F.3d 1343, 1349 (6th Cir.1996).

Plaintiff does not make clear whether he believes his procedural or substantive due process rights were violated. This court believes that plaintiff is bringing a substantive due process claim, i.e., that the defendants' actions themselves were impermissible, regardless of the process accompanying their actions.[8]

---

7. Boger's claim was dismissed because she could not prove that the defendant's actions were taken discriminatorily.

8. Were plaintiff bringing a procedural due process claim, he would shoulder the heavy burden of proving that state remedies are inadequate. *See Parratt v. Taylor,* 451 U.S 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Given the success plaintiff has had within the grievance system of

the prison, much less the tort and contract actions available to him in state court, plaintiff would no doubt have difficulty making this showing. Indeed, plaintiff's complaint does not even allege that state remedies are inadequate, further leading this court to believe that he is making substantive due process claims.

■■■ As noted above, substantive due process may serve as a check against official conduct which infringes upon a fundamental right. At oral argument, plaintiff claimed a property right in his employment. "The Supreme Court has held repeatedly that the property interest in a person's means of livelihood is one of the most significant that an individual can possess." *Ramsey v. Bd. of Educ. of Whitley County, KY.*, 844 F.2d 1268, 1273 (6th Cir.1988). Nonetheless, it is rare that such state-created property rights may serve as the basis for substantive due process actions. *See Charles v. Baesler*, 910 F.2d 1349, 1353–55 (6th Cir.1990). The plaintiff must be asserting a deprivation of the "tenured nature of the employment" rather than the loss of "a pure benefit of employment." *Id.* at 1355 (citing *Ramsey*, 844 F.2d at 1274–5 (6th Cir.1988)) (holding that contractual right to receive promotion is not protected by substantive due process). "[T]here must be a substantial, tangible harm and a material change to an employee's status before the employee possesses a viable § 1983 cause of action based upon the Fourteenth Amendment." *Samad v. Jenkins*, 845 F.2d 660, 662 (6th Cir.1988).

■■■ In the present case, plaintiff alleges that the defendants' actions have forced him to take and remain on stress leave. Although plaintiff has not been terminated, it does appear that there has been a material change in plaintiff's employment status. There is nothing in the record at this stage concerning the precise loss of benefits suffered by plaintiff as a result of defendants' actions. Accordingly, the court is not willing to hold, as a matter of law, that plaintiff will not be able to demonstrate a protectable property interest in his employment that has been interfered with sufficiently to implicate substantive due process concerns.[9]

Even if plaintiff does not have a property interest that implicates substantive due process, he has a liberty interest in bodily integrity which was put at risk by defendants. Plaintiff alleges that defendants intentionally forced him to falsely accuse prisoners of wrongdoing and then assigned him to work with those prisoners, thereby putting him in grave danger. *See L.W. v. Grubbs*, 974 F.2d 119, 123 (9th Cir.1992) ("L.W. has alleged that she was deprived of her liberty because defendants, acting in their capacity as state correctional officers, affirmatively created a significant risk of harm to her, and did so with a sufficiently culpable mental state. Accordingly, we hold that L.W. has stated a claim under section 1983 for violation of her due process rights.") *But cf., Washington v. District of Columbia*, 802 F.2d 1478 (D.C.Cir. 1986) (holding that the negligent failure to provide prison guards a safe working environment does not violate due process).

Further, plaintiff might be able to recover under the "shocks the conscience" standard for substantive due process. As noted by *Grinage*, substantive due process serves as a limitation on behavior that, while not infringing on a fundamental right, literally shocks the conscience. *Grinage*, 82 F.3d at 1349. *See also Rochin v. California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Plaintiff alleges that the defendants attempted to frame him for a drug offense by persuading prisoners to lie about him. When the prisoners refused to help frame plaintiff and gave written statements to plaintiff concerning the defendants' actions, defendants ordered plaintiff to fabricate misconduct charges against the prisoners. Defendants then assigned plaintiff to work with those prisoners, placing him in danger. Further, all of this was allegedly done because plaintiff was black. Defendants' behavior, as described by

---

9. The Sixth Circuit has noted:

*[D]iscriminatory* administration of contractual public employment rights may implicate substantive due process as well as equal protection concerns, even if the liberty or property interest involved cannot be deemed independently fundamental. In such situations, substantive due process and equal protection doctrine overlap. This is because the substantive component of the Due Process Clause incorporates many, if not all, of the Constitution's specific civil rights protections, including the right to equal protection of the law. *See Gutzwiller v. Fenik*, 860 F.2d 1317, 1328–29 (6th Cir.1988)....

*Charles v. Baesler*, 910 F.2d 1349, 1356 n. * * (6th Cir.1990) (emphasis in original). Under this theory, the protectable interest of which plaintiff was deprived is the liberty interest in not being adversely affected by employment decisions based on race.

plaintiff, could certainly shock the conscience of the court and implicate substantive due process.

### C. Plaintiff's Conspiracy Claim

Defendants object to the magistrate's holding that plaintiffs' amended complaint alleges a conspiracy with sufficient specificity. This court, having reviewed the matter *de novo*, adopts the magistrate's report and recommendation with respect to plaintiff's conspiracy claim.

### *ORDER*

Therefore, this court adopts the June 4, 1996 Report and Recommendation of Magistrate Judge Scheer. It is hereby **ORDERED** that defendants' motion to dismiss be **DENIED** and that plaintiff's motion to amend be **GRANTED**.

**SO ORDERED.**