RYAN, Circuit Judge,
concurring.
While I come out at the same place my brother Engel does, in concluding that the plaintiffs have not made out their case, I get there following a very different analytical route. I am respectful of my brother’s view that there is authority for the idea that the plaintiffs’ First Amendment claim may be analyzed under a sort of confluence of petition clause and speech clause principles, involving the “matters of public concern” test. But I think, respectfully, that such an analy *-353 sis misapprehends the intended meaning of those constitutional guaranties and the proper application of 42 U.S.C. § 1983.
I.
The plaintiffs claim that their statutory-right to claim unemployment benefits under Ohio law translates into a fundamental right of access to the courts “and to petition the Government for a redress of grievances” as assured by the First Amendment of the United States Constitution. U.S. Const. amend. I. Having asserted that they have a fundamental right to seek unemployment benefits, the plaintiffs contend that the School Board’s refusal to rehire them, in retaliation for the exercise of their constitutional right to seek unemployment benefits, states a cognizable section 1983 cause of action. In my judgment, they are mistaken.
Section 1983 provides, in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....
42 U.S.C. § 1983.
As an aside, I note with interest that the plaintiffs have neither pleaded, nor attempted to prove, the existence of a “policy or custom” in the school district to deny the plaintiffs’ constitutional rights, a showing that is required by Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to establish “municipal liability.” The parties do not seem to think that is a very important point, nor did the district court, so I shall pass it.
As to the plaintiffs’ alleged claim of retaliatory discharge for exercising their constitutional right to petition the government, a proper analysis begins with a look at the elements of all claims brought under section 1983. In order to state such a claim, the plaintiffs must establish two things:
1. that defendants deprived them of a federal statutory or constitutional right; and
2. that defendants acted under color of state law.
Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir.1994). As the Supreme Court said in Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the “first step in any such claim is to identify the specific constitutional right allegedly infringed.” Id. at 271, 114 S.Ct. at 811 (emphasis added). In my judgment, the plaintiffs have failed entirely to' meet this crucial predicate requirement.
Plaintiffs’ theory appears to be that the right to file for unemployment compensation is included in or protected by the First Amendment’s right to petition for redress of grievances, which, in turn, incorporates the right of access to the courts. I think that argument is circular and meritless. Plaintiffs assume their own conclusion and simply assert repeatedly that their “constitutional right” was violated when the School Board retaliated against them. With the exception of the Third Circuit’s dicta in Bradley v. Pittsburgh Board of Education, 913 F.2d 1064 (3d Cir.1990), I have found no cases that support such an expansive reading of the right to petition. Most cases discussing the right of access or the right to petition begin the analysis by identifying the specific constitutional right that is the subject of the petition, or whose vindication is sought via access to an adjudicator.
Here, the plaintiffs do not identify any such predicate constitutional right. Certainly there is no constitutional right to receive unemployment compensation, and one cannot be created by bootstrapping the state law right to unemployment compensation to the First Amendment’s right to petition. It is clear that the state does not have to provide unemployment compensation. See Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971). And even if it chooses to provide the benefit, it can choose to “make substantive changes in the law of entitlement to public benefits” without offending the Constitution. Id. It is also clear that whatever property interests plaintiffs *-352 may have in obtaining unemployment compensation, the state may freely repeal any legislation that confers that right, and with the repeal, any property interest is extinguished. Story v. Green, 978 F.2d 60, 63 (2d Cir.1992). That being so, there cannot be any constitutionally protected First Amendment right to petition for such benefits. If there were such a constitutional right, nothing short of a constitutional amendment would suffice to repeal the state’s unemployment benefits scheme. I find plaintiffs’ arguments strained and wholly unpersuasive. In my judgment, applying for unemployment compensation is simply not a “petition ... for a redress of grievances” under the First Amendment.
Amici’s argument is likewise circular. They begin their analysis by stating that the right to petition the Government for a redress of grievances is clearly protected under the First Amendment; this, of course, is a given. They then proceed to describe at length and in considerable detail the complex structure and procedures comprising the Ohio unemployment compensation scheme. They conclude that because the scheme is in part adversarial, it is protected under the First Amendment’s right to petition. Not surprisingly, amici cite no support for such a facile creation of a fundamental right. This argument, like the plaintiffs’, is simply an effort to bootstrap a state right to a fundamental First Amendment right — an effort supported by absolutely no authority.
I conclude that plaintiffs and their amici have failed to identify any constitutional right to serve as a necessary predicate for a section 1983 claim for retaliatory refusal to rehire them as substitute bus drivers.
II.
Plaintiffs also claim that they have suffered a substantive due process violation because they have a fundamental right not to be retaliated against for having sought and obtained unemployment compensation benefits. However,_ nowhere do the plaintiffs identify a specific substantive right of which they have been deprived. Instead, they simply assert that the School Board violated their “due process” rights because its conduct was arbitrary, discriminatory, and capricious.
The discussion in the plaintiffs’ brief of the “due process” violation they claim to have suffered reveals a complete failure to grasp the distinctions between substantive due process and procedural due process. They cannot be judged too harshly for this shortcoming, given the mess that has been made of this jurisprudence by a number of federal courts, including the Supreme Court. That is the price, I suppose, of attempting to build a jurisprudence on the foundation of a constitutional oxymoron: substantive due process.
Plaintiffs recognize that if they do have a due process claim, it is rooted in the Fourteenth Amendment which states in relevant part, that no state shall “deprive any person of life, liberty, or property, without due process of law_” U.S. Const, amend. XIV, § 1. “It follows, then, that if state actors ... do not infringe on the life, liberty, or property of the plaintiffs, there can be no due process violation.” Whaley v. County of Tuscola, 58 F.3d 1111, 1113 (6th Cir.) (emphasis added), cert. denied, — U.S. —, 116 S.Ct. 476, 133 L.Ed.2d 404 (1995). Plaintiffs do not allege that the interest of which they have been deprived is found either in the “life,” or the “liberty,” or the “property” components of the Fourteenth Amendment. Rather, they seem to ground what they repeatedly refer to as their “constitutional right,” in the First Amendment, which, of course, is not protected by the Due Process Clause, but rather by the First Amendment itself. See Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Where a particular amendment “provides an explicit textual source of constitutional protection” against a particular sort of government behavior, “that Amendment, not the more generalized notion of ‘substantive due process,’ must be the guide for analyzing these claims.” Id. at 395, 109 S.Ct. at 1871.
Substantive due process protections “have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity.” Albright, 510 U.S. at 272, 114 S.Ct. at 812. The right to receive unemployment compensation is not a *-351 “fundamental” right at all, to say nothing of being of the type traditionally protected by the substantive component of the Due Process Clause. Moreover, the plaintiffs received the unemployment benefits they sought.
Plaintiffs claim they were denied due process because the School Board acted arbitrarily. However, merely to state that the Due Process Clause was “intended to secure the individual from the arbitrary exercise of the powers of government,” which may be freely conceded, does nothing to state a claim under the substantive component of the Due Process Clause. Id. (internal quotation marks and citations omitted). “The substantive Due Process Clause is not concerned with the garden variety issues of common law_ Its concerns are far narrower_ [It] affords only those protections so rooted in the traditions and conscience of our people as to be ranked as fundamental.” Charles v. Baesler, 910 F.2d 1349, 1353 (6th Cir.1990) (internal quotation marks and citations omitted).
State-created rights “do not rise to the level of ‘fundamental’ interests protected by substantive due process.” Id. This is so because “fundamental” rights “are created only by the Constitution.” Regents of the Univ. of Michigan v. Ewing, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). Clearly, state-created employment benefits, such as unemployment compensation or the right to a government pension, are not “fundamental” rights created by the Constitution, and therefore they do not enjoy substantive due process protection. See McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir.1994).
Moreover, it is the procedural component of the Due Process Clause, rather than the substantive component, which provides protection from arbitrary government actions. See Howard v. Grinage, 82 F.3d 1343, 1349-50 (6th Cir.1996). Substantive due process refers to government actions that cannot be undertaken regardless of the procedures used. Id.; see also Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Since the plaintiffs cannot claim that the right to unemployment compensation is fundamental, their claim has to be that some arbitrary conduct in this ease deprived them of “procedural” due process. But the nonar-bitrary “process” guaranteed by the Due Process Clause is process suitable to vindicate the denial of an identifiable life, liberty, or property interest. Here, plaintiffs have asserted none. It is well-settled that no procedural duties are implicated when plaintiffs fail to allege an underlying constitutionally protected right. See Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994). “The deprivation of a procedural right to be heard ... is not actionable when there is no protected right at stake.” Id.
The reality' is that the plaintiffs were not deprived of unemployment compensation, which is the only arguable protected property interest they have. Rather, they were deprived of being rehired to do their former jobs in which they have no protected property interest. See Ramsey v. Board of Educ. of Whitley County, Kentucky, 844 F.2d 1268, 1274 (6th Cir.1988). It is well-settled that when the state deprives an individual of a recognized property interest, it must provide the individual a meaningful opportunity to be heard prior to the deprivation, or in some eases after. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 429, 102 S.Ct. 1148, 1154, 71 L.Ed.2d 265 (1982). But this is not so where the government has deprived the individual of a benefit or property interest that is not protected by the Constitution.
In sum, the plaintiffs have failed to bring their claim within the Due Process Clause, procedural or substantive, because they have not alleged a protected life, liberty, or property interest. - Moreover, whatever right they may have under state law, it is clearly not some undefined “fundamental” right that is protected by the Fourteenth Amendment. Plaintiffs have adequate state remedies to seek redress for the, wrong they claim to have suffered.
ra.
I agree entirely that the plaintiffs have suffered no denial of equal protection of the laws and that the district court did not err in *-350 deciding not to entertain plaintiffs’ state law claim.
IY.
I join in the judgment of affirmance.