922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roseann SUTTON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-3314.
 United States Court of Appeals, Sixth Circuit.
 Jan. 4, 1991.
 
 Before KEITH and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roseann Sutton ("Sutton" or "plaintiff") appeals the district court's March 9, 1990 order denying her motion for reconsideration in this personal injury action filed under the Federal Tort Claims Act resulting from her fall in a post office. For the reasons set forth below, we AFFIRM.
 
 I.
 
 2
 Sutton sued the United States ("defendant") alleging a tort pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 1346, asserting that she slipped and fell on melted snow tracked into the Shaker Heights post office on February 15, 1985, while she was a business invitee. On October 10, 1986, Sutton filed the status letter required by the district court's pretrial order. On October 15, 1986, Sutton filed and served interrogatories on defendant and on November 14, 1986, defendant served and filed answers to Sutton's interrogatories.
 
 
 3
 From November 21, 1986 through December 23, 1986, the parties participated in various aspects of discovery including serving and responding to interrogatories, deposing Sutton, and submitting Sutton to a medical exam. On July 30, 1987, this case was reassigned from Judge Thomas to Judge Aldrich. On November 13, 1987, a status conference was held wherein the plaintiff indicated that she needed surgery for the injuries she allegedly sustained as a result of her fall, so she was not prepared to set a date on the damages portion of the case. The district court instructed Sutton's counsel to contact the court when surgery was completed.
 
 
 4
 On September 28, 1989, another status conference was held by the district court and at that time Sutton informed the court that she was still unprepared for trial on the damages aspect of her case since surgery was still not completed. The district court decided to bifurcate the trial and hear the liability portion of the case on January 23, 1990. The damages aspect of the case would be scheduled for a later time, if necessary.
 
 
 5
 Defendant filed a motion for summary judgment on November 3, 1989, and served Sutton with that motion by regular mail on the same day. Joint Appendix at 30, 38. On the afternoon of November 25, 1989, defendant's counsel coincidentally met Sutton's counsel at a high school hockey game. Defendant's counsel conversationally inquired of Sutton's counsel regarding his anticipated date for responding to the motion for summary judgment filed on November 3, 1989. Sutton's counsel said that he had not received the motion. Defendant's counsel's secretary re-served the motion by regular mail on November 28, 1990. Sutton never filed a motion with the court requesting an extension of time to reply to defendant's motion for summary judgment.
 
 
 6
 The court filed an order on November 30, 1989, granting the defendant's motion for summary judgment as unopposed and dismissing Sutton's case with prejudice. No appeal was taken from this final order.
 
 
 7
 On December 7, 1989, seven days after the entry of the final order dismissing Sutton's case and twelve days after learning that a motion for summary judgment had been filed, Sutton filed her motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). On March 9, 1990, the district court denied Sutton's motion for reconsideration on grounds that Sutton was dilatory in her responses to the critical events occurring in this case. The district court based its conclusion and decision on Sutton's failure to respond or request an extension to the motion for summary judgment that was filed and served on November 3, 1989, and which Sutton admittedly knew about on November 25, 1989, as well as on Sutton's seven-day delay in responding to the district court's order dismissing the case. The court further stated that its decision was also based on Sutton's consistent dilatory behavior in handling this case from its inception. On April 5, 1990, Sutton filed a timely notice of appeal from the Rule 60(b) denial.
 
 II.
 A.
 
 8
 The court of appeals does not generally address the merits of the underlying ruling in reviewing a trial court's decision on a Rule 60(b) motion. Browder v. Director, Dep't of Corrections of Ill., 434 U.S. 257, 263 n. 7 (1978). The Seventh Circuit noted in Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999 (7th Cir.1971), cert. denied, 405 U.S. 921 (1972), cited by the Supreme Court in Browder, that "While Rule 60(b) is not a substitute for an appeal and the finality of judgments ought not be disturbed except on very narrow grounds, a liberal construction should be given the rule to the end that judgments which ... are vehicles of injustice not be left standing." Id. at 1003. The Seventh Circuit found it necessary in Brennan to depart from the general rule in the interest of justice and examine the underlying merits. We do not find that the interest of justice requires us to bypass the general rule in the instant case and therefore do not reach the merits of the underlying summary judgment motion.
 
 
 9
 Sutton failed to preserve the merits by a timely notice of appeal from summary judgment. She has not yet filed such a notice and a Rule 60(b) motion does not stay the time for appeal. Browder, 434 U.S. at 263 n. 7 Sutton's motion for reconsideration was made on the basis of Rule 60(b). Joint Appendix at 85, 86. Notice of Appeal was filed as to the district court's ruling denying the Rule 60(b) motion. Joint Appendix at 10. Therefore, we will not reach the merits of the summary judgment motion, not only because we normally do not look at the merits underlying the Rule 60(b) motion, but also because there has been no timely notice of appeal from the underlying judgment.
 
 B.
 
 10
 This Court reviews a district court's denial of a Rule 60(b) motion for reconsideration under an abuse of discretion standard of review. Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.), cert. denied, 454 U.S. 1084 (1981); Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir.1957). As the Seventh Circuit has noted:
 
 
 11
 Generally ... [the Appellate Court's] function is not to determine whether the Court was substantively correct in entering the judgment from which relief was sought but is limited to deciding whether the judge abused his discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.
 
 
 12
 Brennan v. Midwestern United Life Ins. Co., 450 F.2d 999, 1003 (7th Cir.1971), cert. denied, 405 U.S. 921 (1972).
 
 
 13
 Even under an abuse of discretion standard, appellate courts will closely examine for an abuse of discretion the denial of a Rule 60(b) motion where it is a default judgment for which the movant is seeking reconsideration. Smith v. Alumax, 868 F.2d 1469, 1472 (5th Cir.1989); Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir.1979). Since the district court granted the summary judgment motion without regard to its merits, we make such a careful examination for abuse of discretion in the Rule 60(b) determination here.[1] Cf. Strader v. Hall, 20 Fed.R.Serv.2d 531, 532 (4th Cir.1975)
 
 
 14
 The movant of a Rule 60(b) motion must demonstrate: (1) the existence of one of six listed grounds for reconsideration, including mistake, inadvertence, surprise or excusable neglect; and (2) a meritorious defense to the adverse judgment. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156 (6th Cir.1980).
 
 
 15
 Sutton failed to establish either of Rule 60(b)'s requirements for a motion for reconsideration. Sutton's motion was supported by a very short brief and affidavit stating only that counsel did not become aware of the summary judgment motion until November 25, that counsel first received a copy of the motion on November 30, and that judgment (which was entered on November 30) was received on December 1. The papers do not explain why Sutton failed to request an extension of time to file a reply to the summary judgment immediately after learning that such a motion had been pending. The papers also failed explain what defense Sutton was prepared to assert or support for its merit.
 
 B.
 
 16
 Sutton argues that she was denied due process by receiving inadequate notice of the summary judgment motion. Brief at 13-14. Sufficient notice for due process is that which is of such a nature as to convey reasonably the required information. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950). The means employed "must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. at 315 The method of notice need not, however, be such as to make it inconceivable that a party would not receive it. It only must be reasonable. Id. Rule 5 provides that service of a summary judgment motion is complete upon mailing. Fed.R.Civ.P. 5. Failure to receive does not affect the validity of proper mail service. See Dunlap v. Transamerica Occidental Ins. Co., 858 F.2d 629, 632-33 (11th Cir 1988). Sutton erroneously asserts that she was not served until December 1, 1989. Sutton had been properly served under Rule 5 by mail service on November 3, 1989. The record contains an uncontested affidavit of service that a copy of the motion for summary judgment was sent on November 3. Joint Appendix at 38. There is no question Sutton's constitutional due process rights to service reasonably calculated to effectuate receipt were met by defendant's compliance with Rule 5.
 
 
 17
 The district court denied the 60(b) motion because of Sutton's failure to timely act on the motion in the context of a case in which there was a consistent history of delay on the part of Sutton. Previous delays are relevant to a determination of whether a district court abused its discretion in finding a particular delay not excusable neglect. Williams v. Five Platters, Inc., 510 F.2d 963, 964 (C.C.P.A.1975). Whereas the loss of notice in the mail does not indicate culpability on the part of the movant, failure to timely act when notice was received is culpable action that may warrant a district court finding of inexcusable neglect. Rather than take action when he learned that a motion for summary judgment was outstanding, Sutton's counsel waited until after judgment had been entered before filing the 60(b) motion. Any reasonable counsel would have promptly notified the court that he had not received a copy of the summary judgment motion, determined the date upon which judgment could be entered, and sought an extension of time to respond if one were necessary. Counsel here waited for the district court to enter judgment before taking action. Even then, he waited five additional days to submit a motion which was supported by papers that, by their nature and length, could not have taken long to prepare. The motion was one sentence, the brief in support was five sentences, and his own supporting affidavit was three sentences.
 
 
 18
 The abuse of discretion standard recognizes that the trial court will have a better understanding of the entire circumstances surrounding the conduct alleged to be excusable neglect. The district court viewed counsel's inexcusable neglect concerning the motion for summary judgment in the context of years of delay and failure to comply with the district court's directives. In November of 1987 Sutton's counsel informed the district court that Sutton would soon be undergoing surgery and the court, therefore, left the burden on her to notify the court when surgery was completed and medical discovery could be finished. As a result of Sutton's failure to comply with the district court's directive, counsel delayed the case for years. The case remained stagnant for almost two years until set for a status call on September 28, 1989. Joint Appendix at 91 (Order denying 60(b) motion). It was not an abuse of discretion for the district court to find Sutton's delay on this motion inexcusable after her previous delay.
 
 III.
 
 19
 For the foregoing reasons, we AFFIRM the March 9, 1990 decision of the Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio.
 
 
 20
 CONTIE, Senior Circuit Judge.
 
 
 21
 For the following reasons, I respectfully dissent.
 
 
 22
 The issue before this court is whether the district court abused its discretion in denying plaintiff's motion for reconsideration when plaintiff's counsel stated in an affidavit that he did not receive service of defendant's motion for summary judgment until the day the district court granted defendant's motion for summary judgment.
 
 
 23
 In its order of March 9, 1990, denying plaintiff's motion for reconsideration, the district court stated that plaintiff's counsel knew a motion for summary judgment had been filed as of November 25, 1989, yet he failed to take appropriate action because he did not check with the court or seek an extension of time within which to file a response. The court stated that it found no reason for excusing this delay particularly in view of the previous delays in the case. The district court did not indicate that it did not believe plaintiff's counsel's assertion in his affidavit that he never received the first service of the motion that was sent on November 3rd, 1989. The district court instead stated that upon learning that a motion for summary judgment had been filed, it was incumbent upon plaintiff's counsel to check with the court.
 
 
 24
 I believe that it was an abuse of discretion for the district court to deny plaintiff's motion for reconsideration on these grounds. The district court's statement that plaintiff's counsel was under a duty to check with the court as soon as he informally learned that a motion had been filed is not supported by any procedural rule or case law. Even if it were true that upon hearing on November 25th at a hockey game that a motion for summary judgment had been filed plaintiff's counsel could have responded, the ten days in which to respond to a summary judgment motion afforded him under local rule 3.01(3) and Fed.R.Civ.Pro. Rule 56(c) had not expired on November 30th. However, the district court clearly was in error in stating that plaintiff's counsel had to timely respond upon informally learning that a judgment had been filed. Under the applicable procedural rules, the tolling date for the ten days in which to respond to a motion for summary judgment is ten days after the date on which service of the motion is made upon the opposing party, not the date on which the motion is filed with the court.
 
 
 25
 Under Fed.R.Civ.Pro., Rule 60(b)(1), the court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. This court has stated that a "claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1)...." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). Plaintiff's motion for reconsideration indicated that service of defendant's motion for summary judgment was not received by plaintiff's counsel until November 30th, 1989, the same day summary judgment in favor of defendant was granted. If what is asserted in the affidavit is true, then the district court committed a legal error or "mistake" under Rule 60(b)(1) in granting the motion for summary judgment without giving plaintiff ten days in which to respond.
 
 
 26
 In Management Investors v. United Mine Workers of America, 610 F.2d 384, 389 (6th Cir.1979), this court held that the district court acted improperly in granting a motion for summary judgment on the same day that service of the motion was received by the opposing party, because no leave to respond was accorded. In the present case, plaintiff's counsel's affidavit indicates that the district court may have disposed of the case on summary judgment grounds without permitting plaintiff the benefit of applicable procedural rules, which allow a party ten days after a motion is served in which to respond. If what is stated in the affidavit is true, then the district court denied plaintiff her due process right to be heard. Id. at 390.
 
 
 27
 If the district court does not believe plaintiff's counsel's assertion under oath that he never received the first service of the motion, which was sent on November 3rd, 1989, then the proper course is to hold a hearing in which opposing affidavits by the parties can be submitted for a credibility determination. The majority contends that defendant's affidavit stating that service of process was mailed on November 3, 1989 is uncontested. However, plaintiff's counsel's affidavit states that he never received this service. Moreover, the district court failed to consider the possible inefficiencies of the United States Postal Service.
 
 
 28
 I believe that it was an abuse of discretion for the district court to deny the motion for reconsideration without first determining the credibility of the assertions made in the opposing affidavits. In the circumstances of this case, the motion for reconsideration may properly be denied only if the district court determines after a hearing that plaintiff received the service of process mailed on November 3, 1989 and failed to timely respond within ten days. For these reasons, I would vacate the district court's order of March 9, 1990 and remand the case to the district court for further proceedings.
 
 
 
 [1]
 Entry of summary judgment here was arguably legal error because it was apparently made solely on the basis that it was unopposed, in effect a default judgment. It is the law of this circuit that Rule 56 requires a court, even where a motion for summary judgment is unopposed, to determine that the moving party has established a right to relief as a matter of law and that no genuine issue of material fact exists before the court can award summary judgment. Donlin v. Watkins, 814 F.2d 273, 277 (6th Cir.1987); Kendall v. Hoover Co., 751 F.2d 171, 173-74 (6th Cir.1984); accord Kinder v. Carson, 127 F.R.D. 543 (S.D.Fla.1989) and cases cited therein. Nonetheless, we do not reach the substance of this error since the merits of this case are not properly before this court. See supra section II(A) of this opinion