**Norma Jean JEFFERSON Plaintiff**

**v.**

**JEFFERSON COUNTY BOARD OF EDUCATION, et al. Defendants**

**No. CIV.A.00–44–JBC.**

United States District Court, W.D. Kentucky, Louisville Division.

April 9, 2002.

Jennifer Jordan Hall, James H. Highfield, David Lindsay Leightty, J. Key Schoen, Sales, Tillman & Wallbaum, Louisville, KY, for Norma Jean Jefferson.

Wesley P. Adams, Jr., Adams, Hayward, Nichols & Welsh, Timothy H. Napier, Weber & Rose, Louisville, KY, for Hearst Argyle Properties.

Dana L. Collins, Mark S. Fenzel, Middleton & Reutlinger, Louisville, KY, for Lisa Qureshi.

Michael K. Kirk, Wyatt, Tarrant & Combs, Louisville, KY, for G.E. Bell, Stephen Daeschner, Jefferson Cty Public Schools, Maxine Johnson, and Carolyn Meredith.

## MEMORANDUM OPINION & ORDER

COFFMAN, District Judge.

Pending are the plaintiff's motions to alter or amend and to extend time to file objections to the defendant's motion for costs (Nos. 105 and 106). The court, being sufficiently advised, will grant the motion to alter or amend in part and deny it in part, and will grant the motion to extend time.

■ On February 11, 2002, the court granted the defendants' motion for summary judgment on the plaintiff's federal claims and dismissed her state claims without prejudice. The plaintiff now seeks relief from this judgment under Fed. R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b). Motions under Fed.R.Civ.P. 59(e) must either establish a manifest error of law or present newly discovered evidence. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). The movant of a Fed.R.Civ.P. 60(b) motion must establish that one of six statutory grounds enumerated in the Rule apply. *Sutton v. United States*, 1991 WL 590, at *3, 922 F.2d 841 (6th Cir.1991).

### 1. Adequacy of State Remedies

The plaintiff claims that this court erred in concluding that the plaintiff's due process claims under 42 U.S.C. § 1983 were precluded because she failed to plead and prove the inadequacy of state processes, including a state damage remedy for breach of contract, to redress her alleged property and liberty deprivations under the authority of *Mansfield Apartment Owners Ass'n v. Mansfield,* 988 F.2d 1469, 1475 (6th Cir.1993) and *Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1349 (6th

Cir.1992)(citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). Specifically, she argues that she should not be required to pursue state remedies, or to prove that the same are inadequate, because the defendants removed this action to federal court. She also argues that she could not pursue the remedies under Ky. Rev.Stat. § 161.790(4)-(7) once she elected to pursue the grievance procedure set forth in the Collective Bargaining Agreement (CBA). These arguments are without merit.[1]

■In dismissing the plaintiff's due process claims, the court held, in part, that the plaintiff produced no evidence that a post-deprivation action in state court would be inadequate to compensate her for the five days of pay she lost as a result of her suspension. In so holding, the court relied, in part, on the decision in *Presley v. Bd. of Educ.*, 859 S.W.2d 133, 133 (Ky.App. 1993), where the Kentucky Court of Appeals held that a schoolteacher's federal due process claims involving a suspension without pay were properly dismissed because the plaintiff failed to prove that a breach of contract action in state court would have been inadequate to compensate the plaintiff. The instant plaintiff's proof failed similarly. The plaintiff has not—in the more than two years her claims have been pending—ever asserted a claim for breach of contract for the alleged violations of the CBA, despite the fact that the CBA is a source of her due process rights.[2] The law in this Circuit as expressed in *Mansfield, supra,* and *Sutton, supra,* prevents the plaintiff from making a federal case out of her situation absent an affirmative showing that the remedies available to

her under state law—including a breach of contract action in state court—would be inadequate to redress the alleged wrongs she endured. Since she did not make such a showing, the court properly granted summary judgment in favor of the defendants.

■ Additionally, the CBA did not preclude the plaintiff from using the procedures set forth at Ky.Rev.Stat. § 161.790(4)-(7) to redress her alleged property and liberty deprivations. Although the CBA required the plaintiff to exhaust CBA procedures once she filed a grievance, this fact does not support the plaintiff's claim that she was forever barred from using the procedures at § 161.790(4)-(7) once she elected to pursue the CBA-grievance process. Indeed, the CBA clearly states that the plaintiff would not "be deemed to have waived or otherwise prejudiced" her right to enforce her statutory rights under Kentucky law by first seeking redress under the CBA. Thus, she has produced no evidence that the statutory remedies available to her under Kentucky law were unavailable after she filed her CBA-grievance, or that those remedies were inadequate to compensate her for her alleged injuries.

■ Furthermore, the plaintiff has even failed to demonstrate that the remedies she chose to pursue under the CBA were inadequate. The plaintiff has failed to produce any significantly probative evidence to support her contention that the defendants conspired to delay and ultimately cancel her arbitration hearing so that the applicable statute of limitations

---

1. Although these arguments were not raised in the plaintiff's response to the defendants' motion for summary judgment, and even though the plaintiff's present motion should not raise new arguments which could have been presented earlier, *see Engler,* 146 F.3d at 374, the court will address them nonetheless.

2. In the February 11, 2002 order, the court found that the CBA is the source of any due process rights which the plaintiff possessed in continued pay and benefits.

would expire on her defamation and § 1983 claims. The uncontradicted testimony of Stephan Neal, the Executive Director of the Jefferson County Teachers' Association (JCTA) and the plaintiff's union representative, establishes that the plaintiff's request for arbitration was handled just as any other request, and was not delayed for an unusually long time. Neal testified—without contradiction—that none of the defendants acted to delay the scheduling of the arbitration hearing.

The record reveals that once the parties selected an arbitrator on May 11, 1999, they entered into settlement negotiations that lasted until at least October 14, 1999. Once these negotiations ended, Neal advised the plaintiff on November 3, 1999 that he and the defendants were attempting to schedule a hearing date. Soon thereafter, a hearing was scheduled for January 21, 2000 and then rescheduled to January 28, 2000 due to a scheduling conflict. Because the plaintiff filed this suit on January 5, 2000, however, Neal and the defendants agreed that the arbitration would be held in abeyance until the plaintiff's complaint was resolved. The plaintiff has produced no evidence that the delay in scheduling a hearing date was intentionally prolonged, or that it was unique to her. Indeed, the record reflects that two other grievances that were three months older than the plaintiff's had not been set for a hearing as of September 16, 1999 either.

The only evidence produced by the plaintiff is a notation on a form that was used in a meeting held between Meredith and Neal (and others) on September 16, 1999 in which the status of teachers' grievances were discussed. Although Meredith wrote a notation stating "Let set" next to the plaintiff's grievance, this notation—without more—is too ambiguous to prove that any of the defendants intentionally delayed scheduling her arbitration hearing.

Meredith testified that the notation refers to an agreement between the JCPS and Neal to set a date for an arbitration hearing, not an agreement to delay scheduling the plaintiff's hearing. The plaintiff has presented no evidence contradicting Meredith's explanation, or any evidence suggesting that the defendants intentionally delayed or canceled her arbitration hearing. She has not, therefore, created a jury question on whether the defendants intentionally manipulated the system to cause a conflict with a statute of limitations. Moreover, since the CBA specifically guarantees that her decision to pursue arbitration would not prejudice her statutory rights, her argument that the defendants sought to delay arbitration until some of her claims would be barred by statute of limitations is without merit.

## 2. Forced Retirement Claims

■ The plaintiff claims that her due process rights were violated because she was effectively coerced into retirement. Whether characterized as a procedural or substantive due process claim, it cannot be the basis for a § 1983 action because the plaintiff did not plead or prove that her state remedies to redress this alleged wrong are inadequate, see *Mansfield,* 988 F.2d at 1475, and because "public employees enjoy no substantive due process right in public employment." *Black v. Columbus Public Schools,* 124 F.Supp.2d 550, 584 (S.D.Ohio 2000).

## 3. Retaliation Claims

The plaintiff has produced no significantly probative evidence that the defendants canceled her arbitration claim with the intent to retaliate against her for filing a complaint in this court. Instead, she has only accusations to support this claim. Ac-

cordingly, the court did not err in dismissing this claim.

### 4. Remand of State Law Claims

To avoid requiring the plaintiff to re-file in state court, this court will remand the state claims to Jefferson Circuit Court. *See Long v. Bando Mfg. of America, Inc.,* 201 F.3d 754, 761 (6th Cir.2000) (citations omitted). Accordingly,

**IT IS ORDERED** that the court's order of February 11, 2002 is **VACATED** insofar as it dismissed without prejudice the plaintiff's state claims.

**IT IS FURTHER ORDERED** that the plaintiff's motion to alter or amend (No. 105) is **GRANTED IN PART** and **DENIED IN PART**. Insofar as the motion seeks a remand of the plaintiff's state claims, it is **GRANTED**; otherwise, it is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for oral argument is **DENIED**, as the court does not entertain oral argument on motions to alter or amend.

**IT IS FURTHER ORDERED** that the plaintiff's motion to extend time (No. 106) is **GRANTED**. The plaintiff shall have fifteen (15) days from the entry of this order to respond to the defendant's motion for costs.