NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0591n.06

No. 10-3438

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 19, 2011*

LEONARD GREEN, Clerk

GREGORY BLAZY,                                )
                                              )
    Plaintiff-Appellant,              )
                                              )
v.                                            )  ON APPEAL FROM THE UNITED
                                              )  STATES DISTRICT COURT FOR THE
JEFFERSON COUNTY REGIONAL          )  SOUTHERN DISTRICT OF OHIO
PLANNING COMMISSION; JOHN S.       )
FABIAN,                                       )
                                              )
    Defendants-Appellees.            )

Before: GIBBONS, STRANCH, and ROTH, Circuit Judges.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Gregory M. Blazy served

as the Director of the Jefferson County Regional Planning Commission for a two-year term. When

his contract was not renewed, he filed suit against the Commission and its president, John S. Fabian,

alleging claims under 42 U.S.C. § 1983 for a violation of procedural due process and under state law

for breach of contract and declaratory relief. The district court denied Blazy's motion for partial

summary judgment and granted the defendants' motion for summary judgment on the grounds that

Blazy's contract did not create a property interest in continued employment entitling him to due

process protection and, in the alternative, that Ohio law provided an adequate remedy for his breach

---

[*]The Honorable Jane R. Roth, United States Circuit Judge for the United States Court of
Appeals for the Third Circuit, sitting by designation.

-1-

of contract claim. The district court also declined to exercise supplemental jurisdiction over his remaining state law claims. We affirm.

I.

Blazy is a resident of Jefferson County, Ohio, and was hired on April 28, 2006, to serve as the Director of the Jefferson County Regional Planning Commission ("Commission"). The Commission is organized under Ohio Rev. Code Ann. § 713.21 and operates in accordance with the Articles of Cooperation and Bylaws adopted by the Commission. Blazy's two-year, written employment contract was effective retroactively from March 27, 2006, until March 28, 2008, and stated that, "[u]pon the approval of the Commission, this agreement may be extended for a specific period as determined by the Commission." The contract further provided that the "Commission may exercise the option of non-renewal . . . by providing a thirty (30) day advance written notice to the Director." As Director, Blazy served "at the pleasure of the Commission" in an unclassified employment status.

During his two-year term, Blazy's working relationships with other County Commissioners and state offices allegedly deteriorated. On January 17, 2008, in light of these problems, the Executive Committee of the Commission convened, voted not to renew Blazy's contract, and placed him on paid administrative leave from January 22, 2008, until the expiration of his contract. The Executive Committee informed Blazy of its decisions by hand-delivered correspondence dated January 18, 2008, which stated that his contract would expire by its terms on March 28, 2008. On January 23, 2008, when the Commission convened for its scheduled monthly meeting, John Fabian,

the President of the Commission, allegedly stated that the Executive Committee's determinations as to Blazy's non-renewal were final and not subject to review, modification, or approval.

Several provisions of the Ohio Revised Code and the Articles of Cooperation empower the Commission to establish and delegate authority to an Executive Committee. Ohio Rev. Code Ann. § 713.21(C) provides that the Commission

> may establish committees with the powers it finds necessary to carry on its work, including an executive committee to make final determinations, decisions, findings, recommendations, and orders as provided in the commission's rules. All actions of these committees shall be reported in writing to the members of the regional planning commission no later than its next meeting or within thirty days from the date of the action, whichever is earlier.

Article of Cooperation 6.01 provides that "[a]ll of the powers and duties of the . . . Commission . . . shall be possessed and may be exercised by the Executive Committee, but always subject to review by the Commission at any regular monthly meeting." In addition, Article 9.01 authorizes the Executive Committee to select a Director of the Commission.

On December 2, 2008, Blazy filed suit in federal district court, alleging claims against the Commission and Fabian for (1) a violation of procedural due process, (2) breach of contract, and (3) declaratory relief. He argued that notice from the Executive Committee alone was inadequate to satisfy the non-renewal clause of his employment contract; that he was not afforded an opportunity to be heard by members of the Commission; that the Commission, as a whole, never ratified the Executive Committee's non-renewal decision; that Fabian acted with malice and ill-will against him; and that the Commission failed to act in conformity with Ohio Rev. Code Ann. § 713.21(C) or with the Articles of Cooperation and Bylaws.

On March 3, 2009, the defendants moved for judgment on the pleadings on the grounds that Blazy did not have a property interest in his continued employment and thus was not deprived of procedural due process; that Fabian was entitled to qualified immunity; and that Blazy was not entitled to reinstatement because "Blazy was an at-will employee who received proper notice of non-renewal." The defendants also noted that Blazy was designated as an unclassified employee and thus had neither a property interest in his employment nor any entitlement to procedural due process protection.

Blazy opposed this motion on May 4, 2009, and moved for partial summary judgment against the defendants, arguing that he had a protected property interest in his continued employment and that, pursuant to the Articles of Cooperation, the Executive Committee lacked the capacity to authorize the non-renewal of his contract. He maintained that, although Article of Cooperation § 9.01 delegated general authority to the Executive Committee to select the Director of the Commission, this article was "silent as to the authority of the Executive Committee to dismiss the Director or to decline to renew his . . . contract."[1] Thus, absent timely notice from the full Commission of its decision to exercise the non-renewal option, "the contract would automatically renew for an additional term beyond the 'initial term.'"

On July 31, 2009, the defendants renewed their motion for judgment on the pleadings and, in the alternative, sought summary judgment on the same grounds. They disputed Blazy's alleged property interest in continued employment beyond the two-year term and noted that, even if the

---

[1]Blazy also contests whether the Commission delegated authority to the Executive Committee to make hiring decisions and contends that the full Commission hired him.

contract created a property interest, Blazy was timely notified by the Executive Committee, which was empowered to make hiring and firing decisions.

On March 12, 2010, the district court denied Blazy's motion for partial summary judgment and granted the defendants' motion for summary judgment, finding that there "[was] no independent basis from which [Blazy] [could] claim a protected property interest." Although acknowledging that a written contract, such as an employment agreement, could create a property interest entitling an employee to due process protection, the court found that Blazy's contract created a two-year term that expired on March 28, 2008, and that did not automatically renew in the absence of written notice by the Commission. Thus, Blazy's unilateral expectation of renewal was "insufficient to establish a reasonable expectation in continued employment." *See, e.g.*, *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). The court also concluded that, even if the contract provided a property interest in continued employment, Blazy had an adequate remedy for breach of contract under Ohio law and therefore could not assert a § 1983 claim on this basis. Finally, having disposed of Blazy's federal claim, the district court declined to exercise supplemental jurisdiction over his remaining state law claims. The court entered its final judgment on March 16, 2010, and Blazy timely appealed.

II.

We review a district court's grant of summary judgment *de novo*. *Allen v. Mich. Dep't of Corr.*, 165 F.3d 405, 409 (6th Cir. 1999). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must construe the evidence, facts, and all reasonable inferences drawn from them in the light most favorable to the nonmoving party. *Allen*, 165 F.3d at 409 (citing

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In answering a

properly supported motion for summary judgment, the nonmoving party must demonstrate that there

is a genuine issue for trial, which exists "'if the evidence is such that a reasonable jury could return

a verdict for the nonmoving party.'" *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000) (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

III.

Blazy argues here, as before the district court, that the defendants infringed his right to

procedural due process by violating his employment contract's non-renewal provision. He contends

that, because the termination clause of the contract stated that "[t]he Commission may exercise the

option of non-renewal . . . by providing a thirty (30) day advance written notice," the contract

"therefore conferred upon Blazy a reasonable expectation that his employment would renew

automatically from term to term unless *official* action taken by the Commission in a timely and

proper fashion foreclosed any such renewal." Although Blazy acknowledges receipt of the Executive

Committee's non-renewal decision on January 18, 2008, he argues that this notice was insufficient

because the Executive Committee was not empowered to make this decision on behalf of the full

Commission and because the committee's written decision was not presented for review at the

Commission's January 23 monthly meeting. He seeks "reinstatement with back pay and the

restoration of all perquisites of employment and rights of tenure."

The Fourteenth Amendment's due process clause includes a guarantee of procedural fairness,

assuring that a deprivation of life, liberty, or property must "be preceded by notice and opportunity

for a hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S.

532, 542 (1985) (internal quotation marks omitted). When evaluating a claim for the violation of due process rights, "[t]his court undertakes a two-step analysis." *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004). At the first step, the plaintiff must, as a threshold matter, establish that he had a protected property interest in his continued employment entitling him to due process protection. *See id.*; *Leary v. Daeschner*, 228 F.3d 729, 741 (6th Cir. 2000). As the Supreme Court has explained, a plaintiff cannot establish a property interest in a benefit, such as continued employment, by demonstrating merely "a unilateral expectation" or an "abstract need or desire for it"; he must demonstrate "a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577; *see also Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005). At the second step, "if the plaintiff has such a protected property interest, this court must then determine what process is due." *Mitchell*, 375 F.3d at 480 (internal quotation marks omitted).

Property interests are not created by the Constitution but rather "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth*, 408 U.S. at 577; *see also Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "A property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004) (citing *Perry v. Sindermann*, 408 U.S. 593, 602 (1972)); *accord Dorian v. Euclid Bd. of Educ.*, 404 N.E.2d 155, 158 (Ohio 1980). In this case, we must look to Ohio law and to the terms of the employment contract to determine whether Blazy had a "legitimate expectation of continued employment." *Johnson-Taylor v. Gannon*, 907 F.2d 1577, 1581 (6th Cir. 1990).

A.

Blazy claims that the Commission infringed his Fourteenth Amendment right to procedural due process by "fail[ing] to give timely and proper notice of non-renewal." He states that the Commission's "failure to follow regulations governing the process by which it takes official action" provided the "independent basis" supporting § 1983 liability. The defendants argue, in turn, that there is no independent basis on which Blazy can claim a protected property interest in employment beyond the two-year term. We agree.

The defendants note that Blazy, as Director of the Commission, is designated as an unclassified employee who "serves at the pleasure of the Commission" and thus is not entitled to the statutorily-based due process protections afforded to classified civil servants under Ohio law. Indeed, we have recognized that "[t]here are critical differences between classified and unclassified civil servants" in Ohio: whereas classified employees have tenure during "good behavior," can be discharged only for cause, and may not be deprived of their property interest in continued employment without due process of law, *see* Ohio Rev. Code Ann. § 124.34, unclassified employees "have no property right to continued employment." *Christophel v. Kukulinksy*, 61 F.3d 479, 482 (6th Cir. 1995) (citing *Vodila v. Clelland*, 836 F.2d 231, 232 (6th Cir. 1987)). Blazy does not contest his unclassified status. However, an employee may claim a property interest in continued employment based upon contract, and Blazy contends that his contract's non-renewal provision created such an interest.

The defendants also contend that, although Blazy's employment contract contemplated the *possibility* of subsequent terms, the contract does not create a legitimate *expectation* of continued

employment beyond the two-year term. Blazy challenges this interpretation, arguing that the contract created a property interest in continued employment by providing for automatic renewal in the absence of notification to the contrary by the Commission. Looking to the plain language of the contract, we conclude that the defendants have the better of the arguments. The contract's "Terms of Agreement" set forth a fixed two-year term of employment, starting on March 27, 2006, and ending on March 28, 2008. The contract also makes clear that any extension "for a specific period as determined by the Commission" is "[u]pon the approval of the Commission." Thus, contrary to Blazy's argument, the contract does not provide for automatic renewal in the absence of written notice. Nor did the Commission approve a subsequent term of employment. Blazy's expectation of automatic renewal is unsupported by the terms of the contract and insufficient to establish a property interest in continued employment.

Blazy also challenges the district court's reliance upon *Roth*, in which Roth, an untenured teacher, sought relief for an alleged deprivation of procedural due process after the university notified him of its decision not to renew his contract for the next academic year without providing a statement of reasons or opportunity for a hearing. 408 U.S. at 568. The Court rejected Roth's claim on the grounds that his "'property' interest in employment . . . was created and defined by the terms of his appointment"; that these terms provided a defined ending date, with "no provision for renewal whatsoever"; and that, despite his "abstract concern in being rehired," neither the contract terms nor university policy secured any legitimate entitlement to re-employment the next year. *Id.* at 578.

Blazy argues that his case is distinguishable from *Roth*: while Roth was afforded proper notice and was employed subject to a contract that included "no provision for renewal whatsoever," Blazy's contract allegedly contemplated renewal absent written notice by the Commission. He further argues that the Executive Committee's timely written notice of its non-renewal decision was defective because the committee failed to present its written decision to the full Commission at the January 23 meeting, as required by Ohio law. *See* Ohio Rev. Code Ann. § 713.21(C) ("All actions of . . . committees shall be reported in writing to the members of the regional planning commission no later than its next meeting . . . ."). Blazy therefore maintains that he was entitled to automatic renewal to a second term as Director.

However, even if his argument that the Executive Committee failed to abide by the requirements of § 713.21(C) is meritorious,[2] Blazy's analysis of his alleged property interest in continued employment is misguided. He states that, if the full Commission had issued proper notice, "[he] either would have had a chance to convince the Commission to allow his contract to renew or . . . would have been given an opportunity to confront his accusers . . . or meet any evidence of performance deficiencies . . . through further discussions . . . with the Commission as a whole." This argument is incorrect. In *Roth*, although university policy required written notification of non-retention decisions, the Supreme Court made clear that Roth was not entitled to a hearing or a statement of reasons following notification because he lacked a protected property interest in his

---

[2]Because it is an issue that we need not decide, we express no opinion as to whether the Executive Committee's notification of its nonrenewal decision violated the requirements of Ohio Rev. Code. Ann. § 713.21(C).

employment following the expiration of his contract. Here, for the same reasons, Blazy was not entitled to a hearing or other process regardless of whether he was notified by the Executive Committee or the full Commission: he was an unclassified employee; his contract provided for a fixed ending date on March 28, 2008; and the Commission did not elect to extend his contract.

Although he contends that the contract's notice of non-renewal provision established an implied property interest in continued employment, Blazy has not identified any case law in this circuit or in Ohio supporting his argument. Moreover, our case law supports the defendants' argument that an unclassified employee does not acquire a property interest in continued employment merely by virtue of procedural protections afforded to him. *See McClain v. NorthWest Comm. Corr. Ctr. Judicial Corr. Bd.*, 440 F.3d 320, 330 (6th Cir. 2006) (stating that an unclassified employee had no property interest under the Fourteenth Amendment in continued employment, notwithstanding a state regulation that provided some due process protection); *Lake Mich. Coll. Fed'n of Teachers v. Lake Mich. Comm. Coll.*, 518 F.2d 1091, 1095 (6th Cir. 1975) (noting that teachers who were terminated under Michigan's Public Employment Relations Act ("PERA") for participating in an illegal strike did not acquire a protected property interest in continued employment "merely because the PERA requires the employer to follow certain procedures when discharging the employee"); *see also Nigro v. Va. Commonwealth Univ. Med. Coll.*, No. 5:09-CV-00064, 2010 WL 2262539, at *6 (W.D. Va. June 4, 2010) (stating that notice procedures relevant to the non-renewal of a one-year contract did not "imply a three-year property interest" given "the express language regarding the contract's term").

Blazy's claim, at its essence, is a breach of contract action as to whether, pursuant to Article of Cooperation § 6.01, the Executive Committee was empowered to make the non-renewal decision; whether, pursuant to Ohio's Open Meeting Law, Ohio Rev. Code Ann. § 121.22, each member of the Executive Committee was properly notified of the January 17 meeting, in which Blazy's non-renewal decision was made; and whether, pursuant to § 713.21(C), the committee failed to properly present its decision in writing to the full Commission at its January 23 meeting. And, Blazy cannot seek federal relief pursuant to § 1983 for this alleged breach of contract. In *Ramsey v. Board of Education of Whitley County*, 844 F.2d 1268, 1273 (6th Cir. 1988), we stated that "[w]hen a person is hired for a fixed period of time or pursuant to a contract providing for employment 'at will' . . . and that person is dismissed prematurely, no federal cause of action lies under section 1983 to redress what is best characterized as an ordinary breach of contract." We explained that "a nontenured employee's property interest in continued employment is created and defined by the employee's contract" and that "the deprivation of that finite interest can be compensated adequately by an ordinary breach of contract action."[3] *Id.* at 1274.

Blazy was not dismissed prematurely from his two-year term as Director, and he was compensated through the expiration of his contract. We affirm the district court's determinations that Blazy lacked a property interest in employment beyond the contract's March 28, 2008,

---

[3]Blazy disputes the applicability of *Ramsey*. However, in doing so, he quotes portions of *Ramsey* pertaining to tenured employees and therefore misunderstands his status as an unclassified, untenured employee who served "at the pleasure of the Commission." He also contends that his contract provided for "just cause" termination. The record does not support this interpretation.

termination date and therefore is not entitled to relief under § 1983 for a deprivation of procedural due process.[4]

B.

Blazy also contends that the district court erred in declining to exercise supplemental jurisdiction over his state law claims for breach of contract and declaratory judgment and in dismissing these claims without prejudice under 28 U.S.C. § 1367(c)(3). "This court reviews a district court's decision to decline supplemental jurisdiction over a state law claim for abuse of discretion." *Unger v. City of Mentor*, 387 F. App'x 589, 591–92 (6th Cir. 2010) (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1867 (2009)).

As Blazy acknowledges, "[r]esolution of . . . [his] substantive claims turns on questions of law involving the interpretation and application of the written employment agreement and relevant statutory and corporate governance provisions that condition and define the limits" of the Executive Committee's authority. Given that the alleged breach of the contract's notice provision hinges upon various provisions of Ohio and local law, including Ohio Rev. Code Ann. §§ 121.22 and 713.21(C) and Article of Cooperation § 6.01, the district court acted well within its discretion in declining to review this claim. Indeed, we have stated that "if the federal claims are dismissed before trial, . . . the state claims [generally] should be dismissed as well." *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d

---

[4]Having determined that Blazy lacked a property interest in continued employment beyond his two-year term and thus cannot seek relief under § 1983 against the Commission for a deprivation of procedural due process, we also conclude that Blazy's procedural due process claim against Fabian, in his personal capacity, is without merit. Furthermore, because Blazy had no property interest in continued employment, and therefore no basis for seeking relief under § 1983, we need not address Blazy's argument concerning the adequacy of a remedy under Ohio law.

226, 233 (6th Cir. 1997) (internal quotation marks omitted) (alterations in original). The district court did not abuse its discretion in declining supplemental jurisdiction over Blazy's claims for breach of contract and declaratory judgment.

IV.

For the foregoing reasons, we affirm the district court.